BOROUGH OF HASBROUCK HEIGHTS, A MUNICIPAL COR-
PORATION OF THE STATE OF NEW JERSEY, PROSECU-
TOR, v. STATE BOARD OF TAX APPEALS OF THE STATE
OF NEW JERSEY AND 101 TERRACE AVENUE HOLDING
CORPORATION, RESPONDENTS.

Argued January 22, 1941—Decided February 7, 1941.

Before Justices BODINE and PORTER.

For the prosecutor, *Chandless, Weller & Kramer* (*Ralph
W. Chandless*).

For the respondents, *Selick J. Mindes.*

BODINE, J.   The writ brings up for review the reduction
by the State Board of Tax Appeals of a tax assessment for
1939, upon an apartment house situate at 101 Terrace avenue
in the borough of Hasbrouck Heights.   The taxing district
assessed the property at $88,100; land $3,100 and build-
ing $85,000.   The county board reduced the value of the
building to $75,000.   The owner and the municipality appeal-
ing, the assessment upon the building was reduced by the
state board to $70,000.   The evidence is not persuasive that
the state board erred.   *Tennant* v. *Jersey City,* 122 *N. J. L.*
174; *Skouras Theatres Corp.* v. *State Board of Tax Appeals,*
123 *Id.* 52.

The apartment house was built between 1928 and 1931.
It contains forty-eight three-room apartments; two automatic
Watson elevators and seven dumbwaiters; the usual plumbing
and heating plant, together with central refrigeration.   The
cost was undoubtedly far beyond the assessment.   The con-
struction, however, was not good.   The net rentals were less

than $4,000 a year. Income is not the sole criterion of the value of an apartment house, but it is some evidence of true value. In arriving at true value, the state board had proof as to cubic content, cost of construction and obsolence. It also had proof of rental value. In arriving at the true value of the property it appears to have considered all the factors offered in evidence. We cannot find that it erred.

The writ will be dismissed, with costs.